EXHIBIT B



**MIAMI-DADE COUNTY CLERK OF THE COURTS**
HARVEY RUVIN

Contact Us    My Account    

---

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◄◄ BACK

| | |
|---|---|
| **RICHARD ARROYO VS NATIONAL RAILROAD PASSENGER CORPORATION** | |

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2021-020366-CA-01 | **Filing Date:** | 09/01/2021 |
| **State Case Number:** | 132021CA020366000001 | **Judicial Section:** | CA08 |
| **Consolidated Case No.:** | N/A | **Case Type:** | Discrimination - Employment or Other |
| **Case Status:** | OPEN | | |

## 👥 Parties

Total Of Parties: 3

| Party Description | Party Name | Attorney Information | Other Attorney(S) |
|---|---|---|---|
| Plaintiff | Arroyo, Richard | **B#:_ (Bar Number)**165580<br>**N:  (Attorney Name)**Jason S Remer | **B#:_ (Bar Number)**121247<br>**N:  (Attorney Name)**Hunt, Daniel H |
| Defendant | National Railroad Passenger Corporation | | |
| Defendant AKA | AMTRAK | | |

## ⚒ Hearing Details

Total Of Hearings: 0

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|
| | | | | |

## 🔊 Dockets

Total Of Dockets: 9

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 8 | 10/24/2021 | | Service Returned | Event | |
| 📄 | 7 | 10/24/2021 | | Notice of Appearance | Event | **AS COUNCEL**<br>Parties: Hunt Daniel H; Arroyo Richard |
| 📄 | 6 | 09/04/2021 | | Receipt: | Event | **RECEIPT#:3020201 AMT PAID:$10.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT DATE:09/04/2021 REGISTER#:302 CASHIER:EFILINGUSER** |
| | | 09/03/2021 | | 20 Day Summons Issued | Service | |
| 📄 | 5 | 09/03/2021 | | ESummons 20 Day Issued | Event | **RE: INDEX # 4.**<br>Parties: National Railroad Passenger Corporation |

1/3

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 4 | 09/03/2021 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| | 3 | 09/03/2021 | | Receipt: | Event | **RECEIPT#:2940019 AMT PAID:$401.00 NAME:JASON S REMER 44 W FLAGLER ST STE 2200 MIAMI FL 33130-6807 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECEIPT DATE:09/03/2021 REGISTER#:294 CASHIER:EFILINGUSER** |
| 📄 | 2 | 09/01/2021 | | Complaint | Event | |
| 📄 | 1 | 09/01/2021 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



## HARVEY RUVIN

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street

Miami, Florida 33130

305-275-1155

©2021 Clerk of the Courts. All rights reserved.



Filing # 133867530 E-Filed 09/01/2021 03:16:59 PM

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Richard Arroyo</u>
Plaintiff                                              Case # _____

                                                       Judge _____

vs.

<u>National Railroad Passenger Corporation</u>
Defendant

---

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

### III.    TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
  ☐ Business governance
  ☐ Business torts
  ☐ Environmental/Toxic tort
  ☐ Third party indemnification
  ☐ Construction defect
  ☐ Mass tort
  ☐ Negligent security
  ☐ Nursing home negligence
  ☐ Premises liability—commercial
  ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
  ☐ Commercial foreclosure
  ☐ Homestead residential foreclosure
  ☐ Non-homestead residential foreclosure
  ☐ Other real property actions

☐ Professional malpractice
  ☐ Malpractice—business
  ☐ Malpractice—medical
  ☐ Malpractice—other professional
☒ Other
  ☐ Antitrust/Trade regulation
  ☐ Business transactions
  ☐ Constitutional challenge—statute or ordinance
  ☐ Constitutional challenge—proposed amendment
  ☐ Corporate trusts
  ☒ Discrimination—employment or other
  ☐ Insurance claims
  ☐ Intellectual property
  ☐ Libel/Slander
  ☐ Shareholder derivative action
  ☐ Securities litigation
  ☐ Trade secrets
  ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  3

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Jason S Remer        Fla. Bar # 165580
        Attorney or party             (Bar # if attorney)

Jason S Remer        09/01/2021
  (type or print name)        Date

IN THE CIRCUIT COURT OF THE
11 JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

RICHARD ARROYO,

      Plaintiff,                                 Case No.

v.

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

      Defendant.

_____/

## **COMPLAINT**

Plaintiff, RICHARD ARROYO ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, NATIONAL RAILROAD PASSENGER CORPORTION d/b/a AMTRAK ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages in excess of $30,000, exclusive of attorney fees and costs, for Defendant's unlawful, retaliatory discharge of Plaintiff in violation of Florida's private sector Whistleblower's Act, Fla. Stat. § 448.101 ("FWA") and Florida Civil Rights Act or FCRA.

2. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

3. Defendant is Florida Profit Corporations authorized to conduct business in the State of Florida and in Miami-Dade County, Florida.

4. Venue is proper in Miami-Dade County because all of the actions complained of herein occurred within the jurisdiction of Miami-Dade County.

5. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.   Plaintiff performed work for Defendant from on or about July 16, 2018 through on or about June 13, 2019 in as a Q&P Car Man and was fired from employment on or about June 13, 2019.

7.   An agreement exists between Defendant and its Employees as represented by the Joint Council of Carmen, Helpers, Coach Cleaners and Apprentices effective February 1, 1977 and most recently updated on January 4, 2018.

8.   During Plaintiff's employment with Defendant, Plaintiff witnessed Defendant engaging in improper policies and procedures and complained regarding same.  Plaintiff's complaints were regarding violations of the Federal Railroad Association, specifically with respect to training for brake test.

9.   Plaintiff was placed on a machine to work which plaintiff had not been properly trained. Plaintiff complained about these Federal Railroad Association violations and other training violations when he was terminated the first time yet he subsequently returned to work on January 28, 2019 as his termination was unjust.  Plaintiff was again fired June of 2019 in retaliation for his complaints.

10. At first, Plaintiff brought his concerns about the illegal activity to his supervisors but he was just brushed off. Plaintiff felt very uncomfortable and was actually terminated twice.

11. The first time plaintiff was terminated was for allegedly not completing an assignment and having a bad attitude.  Plaintiff appealed the termination and was re-hired.

12. After speaking to team members without success, Plaintiff raised his concerns to Mr. Quintana, a Nicaraguan General Foreman, but who also just brushed him off.

13. Plaintiff is Puerto Rican. Only three other individuals labeled Car Man were also Puerto Rican.

14. Plaintiff was terminated a second time for not wearing gloves during a time period where, pursuant to his training in Delaware, gloves were not required.

15. This basis for termination was a pretext, illegal and in violation of the FWA.

16. Plaintiff believes this was also based on the fact that he was Puerto Rican and his General Foreman was Nicaraguan.  This believe is based on the fact that non-Puerto Ricans were also not wearing gloves during the same activities and were not reprimanded or fired.

17. Through these actions, Defendant actually and/or constructively conspired with other persons to commit such prohibited acts in violation of Fla. Stat. § 893.135, as well as other provisions under Chapter 893, Florida Statutes. At this point, Defendant could also be considered a continuing criminal enterprise as recognized under Fla. Stat. § 893.20.

18. As a result of the retaliatory treatment he had experienced from Quintana,  Plaintiff was terminated without legal cause and when asked for the basis and write-ups regarding same, Defendant refused to provide them to Plaintiff.

19. Plaintiff's discharge was directly caused by Defendant's retaliatory treatment of Plaintiff in the form of a demotion, reprimands, and threats, as well as Defendant's financially-motivated and intentional refusal to comply with the Federal Railroad Act and the Contract.

20. At all times throughout his employment, Plaintiff was qualified for his position and performed all duties in an exemplary fashion. Any reason proffered by Defendant for any action taken against Plaintiff is merely pretext for unlawful retaliation.

## COUNT I
### *National Origin Discrimination in Violation of the FCRA*

21. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. Plaintiff is a member of a protected class under the FCRA.

23. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to national-origin-based animosity.

24. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Puerto Rican.

25. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's national origin was unlawful but acted in reckless disregard of the law.

26. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

27. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

28. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

29. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state and/or federal law.

30. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights.

31. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT II</u>
### *Breach of Agreement Against NATIONAL PASSENGER RAILROAD CORPORATION*

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

33.   Defendant breached its agreement with Plaintiff by violating rule 24 of the agreement with respect to Grievances.

34.   Defendant breached its agreement with Plaintiff by violating rule 25 of the agreement with respect to Checking in and Checking out Time.

35.   Defendant breached its agreement with Plaintiff by violating rule 50 of the agreement with respect to Training.

36.   Defendant breached its agreement with Plaintiff by violating rule 28 of the agreement with respect to Safety.

37.   Defendant breached its agreement with Plaintiff by violating rule 29 of the agreement with respect to Clothing.

38.   Defendant breached its agreement with Plaintiff by violating rule 30 of the agreement with respect to Health and Safety.

39.   Plaintiff reserves the right to add additional contract violations as they are discovered over the course of the discovery in this case.

40.   Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## <u>COUNT III</u>
### *Retaliation under the FWA*

41.  Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 20 of this complaint as if set out in full herein.

42. At all times material hereto, Defendant employed ten or more persons and otherwise qualified as an "employer" under the FWA.

43. At all times material hereto, Defendant failed to comply with the FWA, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: … (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

44. At all relevant times aforementioned, including at the time of Plaintiff's discharge, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

45. At the time of discharge, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

46. Defendant's discharge of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activities.

47. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

48. Any allegedly justified reason for Plaintiff's discharge asserted by Defendant is a mere pretext for the actual reason for discharge—Plaintiff's objections to the aforementioned illegal activity.

49. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

50. The aforementioned actions of Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

E. Award any other compensation allowed by law including attorney's fees pursuant to Fla. Stat. § 448.104.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: September 1, 2021                           Respectfully submitted,

                                                   /s/ Jason S. Remer_____
                                                   Jason S. Remer, Esq.
                                                   Florida Bar No. 0165580
                                                   jremer@rgpattorneys.com
                                                   Daniel H. Hunt, Esq.
                                                   Florida Bar No. 121247
                                                   dhunt@rgpattorneys.com
                                                   REMER & GEORGES-PIERRE, PLLC
                                                   Courthouse Tower
                                                   44 West Flagler Street, Suite 2200
                                                   Miami, FL 33130
                                                   Tel: (305) 416-5000
                                                   Fax: (305) 416-5005

IN THE CIRCUIT COURT OF THE
11 JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

RICHARD ARROYO,

     Plaintiff,                        Case No. 2021-020366-CA-01

v.

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

     Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:**    NATIONAL RAILROAD PASSENGER CORPORTION d/b/a AMTRAK through its
           registered agent:

                    CT Corporation
                    1015 15th Street NW
                    Suite 1000
                    Washington, DC 20005

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                    JASON S. REMER, ESQ.
                    REMER & GEORGES-PIERRE, PLLC
                    44 WEST FLAGLER STREET
                    SUITE 2200
                    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint. You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

_____

CLERK                          DATE

_____

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11 JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

RICHARD ARROYO,

      Plaintiff,                          Case No. 2021-020366-CA-01

v.

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

      Defendant.

_____/

### SUMMONS IN A CIVIL CASE

**TO:**    NATIONAL RAILROAD PASSENGER CORPORTION d/b/a AMTRAK through its
registered agent:

                        CT Corporation
                        1015 15th Street NW
                        Suite 1000
                        Washington, DC 20005

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

                        JASON S. REMER, ESQ.
                        REMER & GEORGES-PIERRE, PLLC
                        44 WEST FLAGLER STREET
                        SUITE 2200
                        MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default
will be taken against you for the relief demanded in the complaint.  You must also file your
answer with the Clerk of this Court within a reasonable period of time after service.

  Harvey Ruvin,
  Clerk of Courts                  9/3/2021
CLERK                              DATE

**217043**

(BY) DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

RICHARD ARROYO,

       Plaintiff,                             Case No. 2021-020366-CA-01

v.

NATIONAL RAILROAD PASSENGER CO.

       Defendant.

_____/

## NOTICE OF APPEARANCE AS COUNSEL

PLEASE TAKE NOTICE that the undersigned counsel, Daniel H. Hunt, Esq., hereby files this Notice of Appearance as counsel on behalf of the Plaintiff in the above-styled cause. The undersigned associate counsel requests that copies of all pleadings, notices, correspondence, and communications of any type, be furnished to him in accordance therewith.

Dated: October 24, 2021

Respectfully submitted,

*/S/ Daniel H. Hunt*

**REMER & GEORGES-PIERRE, PLLC**
Jason S. Remer, Esq.
Florida Bar No. 0165580
jremer@rgpattorneys.com
Daniel H. Hunt, Esq.
Florida Bar No. 121247
dhunt@rgpattorneys.com
Courthouse Tower
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel: (305) 416-5000
Fax: (305) 416-5005

Attorney for Plaintiff

Filing # 137146938 E-Filed 10/24/2021 02:00:41 PM

## AFFIDAVIT OF PROCESS SERVER

### In the Circuit Court of the 11th Judicial Circuit in and for Miami Dade County, Florida

**Richard Arroyo**

         Plaintiff(s),

VS.

**National Railroad Passenger Corporation d/b/a AMTRAK**

         Defendant(s).

Attorney: Jason S. Remer

Remer & Georges-Pierre, PLLC
44 West Flagler Street
Miami FL 33130


*270744*

**Case Number: 2021-020366-CA-01**

Legal documents received by Due Process Global, LLC on **10/20/2021** at **8:50 AM** to be served upon **National Railroad Passenger Corporation d/b/a AMTRAK, by serving CT Corporation System at 1015 15th St., NW, #1000, Washington, DC 20005**

I, **Sydney Holtzapple**, swear and affirm that on **October 20, 2021** at **11:29 AM**, I did the following:

Served **National Railroad Passenger Corporation d/b/a AMTRAK, by serving CT Corporation System** by delivering a conformed copy of the **Summons in a Civil Case; Complaint** to **Mark Diffenbaugh** as **Intake Specialist & Authorized Agent** of **National Railroad Passenger Corporation d/b/a AMTRAK, by serving CT Corporation System** at **1015 15th St., NW, #1000 , Washington, DC 20005**.

**Description of Person Accepting Service:**
Sex: Male Age: 40 Height: 5ft9in-6ft0in Weight: Over 200 lbs Skin Color: Caucasian Hair Color: Bald & Gray

**Supplemental Data Appropriate to this Service:**

I declare under penalty of perjury that the foregoing information contained in this affidavit is true and correct and that I am a professional process server over the age of 18 and have no interest in the above legal matter.



_____

**Sydney Holtzapple**
Process Server

**Due Process Global, LLC**
PO Box 612576
Miami FL 33261
305-916-0757
service@dueprocessglobal.com

Internal Job ID:270744



District of Columbia
Signed and sworn to (or affirmed) before me
on _10-21-2021_ by _Sydney Holtzapple_
    Date        Name(s) of Individual(s) making Statement

_____
Signature of Notarial Officer

_Notary_
Title of Office

My commission expires: _____

Carolyn L. Elam
Notary Public, District of Columbia
My Commission Expires 9/30/2026

## AFFIDAVIT OF SERVICE

**State of Florida**              **County of MIAMI DADE**              **Circuit Court**

Case Number: 2021-020366-CA-01

Plaintiff:
**RICHARD ARROYO**
vs.
Defendant:
**NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,**

ROD2021000518

For: JASON REMER

Received by Due Process, LLC on the 19th day of October, 2021 at 3:38 pm to be served on **NATIONAL RAILROAD PASSNGER CORPORATION D/B/A AMTRAK THROUGH ITS REGISTERED AGENT CT CORPORATION, 1015 15TH STREET NW, SUITE 1000, WASHINGTON, DC 2005**. I, Sydney Holtzapple _____, being duly sworn, depose and say that on the __20th__ day of __October__, 20 _21_ at _11_ : _29a_ .m., executed service by delivering a true copy of the **Summons and Complaint** in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as _____.

(x) CORPORATE SERVICE: By serving _Mark Diffenbaugh___ as _____Intake Specialist & Authorized Agent_____.

( ) OTHER SERVICE: As described in the Comments below by serving _____ as _____.

( )NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____

## AFFIDAVIT OF SERVICE For 2021-020366-CA-01

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the 21st
day of _October_, 2021 by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

**Carolyn L. Elam**
Notary Public, District of Columbia
My Commission Expires 9/30/2026

Sydney Holtzapple
PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Due Process, LLC**
**PO BOX 612576**
**MIAMI, FL 33261**
**(305) 916-0757**

Our Job Serial Number: 2021000518

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.2a